**Hazel T. DESKINS et al., Appellants,**

v.

**LAWRENCE COUNTY FAIR & DEVELOPMENT CORPORATION et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Feb. 27, 1959.

Eldred E. Adams, Louisa, Francis Dale Burke, Pikeville, for appellants.

Edwin D. Rice, David B. Whites, M. J. See, Daniel D. Ball, Louisa, for appellees.

CLAY, Commissioner.

This declaratory judgment action was brought to determine the validity of a limitation on the voting rights of common stock in the Lawrence County Fair & Development Corporation. The limitation was contained in the Articles of Incorporation. On motion for summary judgment it was adjudged valid.

Plaintiffs purchased 484 shares of the common stock of the corporation, which constituted about 60 percent of the shares outstanding. At a stockholders' meeting held September 10, 1956, plaintiffs undertook to vote each of their shares for two directors to be elected. They were not permitted to do so because of the restriction on the voting rights imposed by the Articles of Incorporation.

Article 10 provided in part as follows:

"Each share of stock in this corporation shall have one vote, but no person, organization, or association, regardless of the number of shares owned shall have more than four votes in any of the business upon which the stockholders may be called upon to vote."

Plaintiffs contend that this limitation is arbitrary, unreasonable, contrary to law, and against public policy. Even though a sensible reason for such limitation is pointed out in defendants' brief, it is unnecessary to justify it. The voting rights acquired by plaintiffs are necessarily governed by the terms of the corporate articles.

KRS 271.155(1) provides that shares of a corporation may be divided into one or more classes, and any or all classes may have limited voting powers or none at all. KRS 271.035(f) provides that the Articles of Incorporation shall contain the qualifications, limitations, or restrictions imposed upon shares of stock under the provisions of KRS 271.155, just referred to.

The corporate article in question complies with the statutes relating thereto. We are at a loss to find a legal or equitable ground of invalidity since the statutory law grants this power to a corporation and establishes the public policy.

Plaintiffs contend it is morally or equitably wrong that those owning the majority of the shares of a corporation should not control it. This is a matter of internal corporate management which is lawfully prescribed by the articles of incorporation. Plaintiffs voluntarily invested in this enterprise and their voting rights were fixed when they purchased the stock. Nothing has been done to change or impair those rights.

The judgment is affirmed.